UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

CHARLES J. DEMPSEY on behalf of
himself and all others similarly situated,

    Plaintiff,

    v.

LAPORTE COUNTY AUDITOR
JOIE WINSKI AND LAPORTE
COUNTY TREASURER NANCY
HAWKINS,

    Defendants.

Case No. 3:15-CV-506 JVB

**OPINION AND ORDER**

Plaintiff Charles J. Dempsey sued Defendants LaPorte County Auditor Joie Winski and LaPorte County Treasurer Nancy Hawkins alleging that they violated Indiana Code § 6-1.1-37-11(a); the Indiana Constitution, Article X, Section 1; and the Fourteenth Amendment of the United States Constitution by failing to include interest with his property tax refund. Defendants removed the case to this Court, using the Fourteenth Amendment claim as a basis for federal question jurisdiction. Defendants then moved to dismiss the case in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

In briefing the Defendants' motion to dismiss, the parties only vaguely addressed the Fourteenth Amendment class-of-one equal protection claim. As a result, the Court asked them to supplement their briefs regarding this claim. As noted, the Fourteenth Amendment claim is the sole basis for this Court's jurisdiction.

In his Fourteenth Amendment claim, Plaintiff submits that he and the proposed class members have been treated differently than similarly situated property owners in other Indiana counties regarding their property tax refunds. While making this assertion, Plaintiff concedes, albeit sheepishly, "that the Defendants . . . have no authority over property owners in other counties." (Pl.'s Suppl. Br., DE 25, at 3.) Nevertheless, he insists that "Defendants are clearly treating Plaintiff and the Class differently from those other similarly-situated property owners. (*Id.*) Plaintiff cites no case where a class-of-one equal protection claim was allowed to proceed where different decisions makers where involved with respect to proposed comparators. In fact, he acknowledges that *Purse v. Winthrop Harbor*, 286 F.3d 452, 455 (7th Cir. 2002), poses a contrary requirement: to be similarly situated, individuals must have been subject to the same governing bodies.

Defendants focus on these inconsistencies and ask for the class-of-one equal protection claim to be dismissed along with the state law claims.

The Court finds that Plaintiff has not stated a class-of-one equal protection claim. "To state a class-of-one equal protection claim, an individual must allege that he was 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Swanson v. City of Chetek*, 719 F.3d 780, 783–84 (7th Cir. 2013) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). "In most class-of-one cases, the comparison of similarly situated individuals will be used to infer animus." *Id.* at 784. While "[t]here is no precise formula to determine whether an individual is similarly situated to comparators," *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1002 (7th Cir. 2004), comparing oneself to individuals in different counties who are governed by different authorities makes no

sense.[1] And it makes even less sense to maintain that property owners who received tax refunds in LaPorte County were denied equal protection when they were all treated the same (equally), be it right or wrong, by Defendants. In short, Plaintiff's class-of-one equal protection claim has no basis in law.

Accordingly, the Court grants the Defendants' motion to dismiss Plaintiff's Fourteenth Amendment claim. Although Defendants ask the Court to rule on the supplemental claims as well, "the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Kennedy v. Schoenberg, Fisher, and Newman, Ltd.*, 140 F.3d 716, 727 (7th Cir. 1998). Hence, the Court remands the remaining claims to state court.

SO ORDERED on September 27, 2016.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE
HAMMOND DIVISION

---

[1] If Plaintiff's theory were correct, the tax rates could never differ among taxing authorities.